IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01836-BNB

DERRICK WEST,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

___

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

___

    Plaintiff, Derrick West, is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Plaintiff has filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In the Cause of Action section of the Complaint form, Plaintiff asserts two claims. In the first claim, he states that he is asserting a Federal Tort Claims Act (FTCA) claim. In the second claim, Plaintiff relies on *Farmer v. Brennon*, 511 U.S. 825 (1994) for his constitutional violation claim. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915..

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint.

Plaintiff alleges in the Complaint that in 2011 he was assaulted by inmate Davis. He further contends that Officers O'Donnell and Rodriguez, even though they had been told by Plaintiff not to house him with inmate Davis because inmate Bell had told inmate Davis to attack Plaintiff, they housed him with inmate Davis anyway and watched while he was assaulted by inmate Davis. Rather than state what relief he seeks in the Request for Relief section of the Complaint form, Plaintiff states he desires appointment of counsel and an evidentiary hearing. Plaintiff must state what relief he desires in the Request for Relief section.

Claim Two is properly asserted as an Eighth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, Plaintiff only names the United States as a defendant in the caption of the Complaint form. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this Court's subject matter jurisdiction. See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States).

Furthermore, if Plaintiff, as he states under Claim One of the Complaint, intends to file his claims pursuant to the FTCA, the United States is the sole defendant to an FTCA action. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (noting that the United States is the only proper defendant to an FTCA suit). *See also* 28 U.S.C. §§ 2674, 2679. The FTCA allows the United States to be sued for claims

arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties. 28 U.S.C. § 1346(b)(1).

"[T]he FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes 'a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.' ") (quoting § 2676); *see also Trentadue v. United States*, 397 F.3d 840, 858-59 (10th Cir. 2005) (concluding that district court was required to vacate *Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).

If Plaintiff intends to pursue only an FTCA claim against the United States he is directed to file an Amended Complaint asserting the claim and naming the United States of America as the sole defendant. If, however, he also desires to raise an Eighth Amendment claim under *Bivens*, Plaintiff must explain (1) what a defendant did to him;

(2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also must identify named defendants in the caption of the Complaint form.

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 (*Bivens*) suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind

4

required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, It is

ORDERED that within thirty days of the date of this Order Plaintiff file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain a copy of the court-approved Prisoner Complaint form, along with the applicable instructions, (with the assistance of his case manager or the facility's legal assistant) at  www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed the Complaint and the action may be dismissed without further notice.  It is

FURTHER ORDERED that Plaintiff's request for appointment of counsel and an evidentiary hearing are denied as premature.

DATED July 24, 2014, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge