FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01836-RBJ-BNB

DERRICK WEST,

    Plaintiff,

v.

UNITED STATES OF AMERCIA,[1]

    Defendant.

## ORDER

Plaintiff Derrick West is an inmate at the Federal Correctional Institution in Florence, Colorado. He seeks relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for injuries resulting from an alleged assault that took place while Mr. West was housed in the United States Penitentiary in Tucson, Arizona in March 2011. The United States moves to dismiss this suit under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [ECF No. 33]. The Court agrees that it lacks subject matter jurisdiction to hear this case and therefore grants the defendant's motion.

## ANALYSIS

The FTCA grants jurisdiction to federal courts to hear suits against the United States for torts alleged to have been committed by its employees while in the scope of their employment. *See* 28 U.S.C. § 1346(b). However, "[a]s a precondition to bringing an action against the United

---

[1] All other defendants have been dismissed pursuant to Judge Babcock's September 24, 2014 Order [ECF No. 20].

States in federal court, the FTCA requires a claimant to exhaust administrative remedies." *Bowling v. United States*, 740 F. Supp. 2d 1240, 1245 (D. Kan. 2010). To exhaust his administrative remedies, a claimant must file an administrative claim with the appropriate federal agency within two years after the tort claim accrues. *See* 28 U.S.C. § 2401(b). The purpose of this requirement is to provide notice to the agency so that it can conduct an investigation of the claim. *See Bowling*, 740 F. Supp. 2d at 1245. Because the requirement is jurisdictional it is strictly construed and it cannot be waived. *See Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

If the administrative claim is denied, the claimant has six months in which to commence a civil action in federal court. *See* 28 U.S.C. § 2401(b); *Haceesa v. United States*, 309 F.3d 722, 733 (10th Cir. 2002). Or if the agency fails to reach a final disposition of the claim within six months, the claimant may deem the agency's failure a final denial of the claim and bring suit under the FTCA, again within six months – in total twelve months from the date of filing the original claim. *See* 28 U.S.C. § 2675(a); *Haceesa*, 309 F.3d at 733.

On October 17, 2011 Mr. West filed a complaint with the Bureau of Prisons ("BOP") alleging an FTCA claim for failure to protect arising from the March 6, 2011 assault. [ECF No. 33-1 at 30–32]. However, on January 30, 2012 Mr. West voluntarily withdrew his claim, *id.* at 36, thereby depriving the BOP of its opportunity to investigate the incident. Though Mr. West filed his administrative claim within two years of the date of the incident, he did not exhaust his administrative remedies because the claim was never fully investigated.

Even if the plaintiff had exhausted his administrative remedies, his claim would be barred for failure to file suit within six months of receiving a final disposition from the BOP. On

February 15, 2012 the BOP sent a letter to Mr. West acknowledging his request to withdraw his claim and informing him that the claim was denied. *Id.* at 37. Mr. West brought this action on June 26, 2014, more than twenty-eight months later. *See* [ECF No. 1]. Therefore, even if Mr. West had exhausted his administrative remedies the claim would be barred by the limitations period set forth in 28 U.S.C. § 2401(b).

Finally, the defendant puts forward an argument that the claim is barred under the principle of collateral estoppel. This argument is moot in light of the Court's determination that it lacks jurisdiction to hear this case.

## ORDER

For the foregoing reasons Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [ECF No. 33] is GRANTED.

DATED this 12th day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

3